O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 14-00442 DSF (1) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **DISQUALIFY** |
| v. | ) | |
| | ) | [Dkt. Nos. 99 and 102] |
| | ) | |
| ALCEU JOHNNY ANDREIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Defendant moves to disqualify Judge Fischer in this criminal case involving bank burglaries on the ground that she presided over a similar case with the same defendants and, in sentencing proceeding in that case, made statements indicating a belief that Defendant was a professional thief and likely would commit new burglaries.  (Mot. at 1.)  The disqualification motion was randomly assigned to Judge Pregerson for disposition.

    A judge should be disqualified "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a). "Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit

rarely, predispositions developed during the course of a trial will suffice." F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144 (9th Cir. 2001).  "In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible." Id.  Thus, for the Court to rule on this motion, three questions must be answered: whether Defendant has demonstrated any partiality on Judge Fischer's part; whether that alleged partiality arises from "extrajudicial sources"; and, if not, whether the alleged partiality rises to the level of "deep-seated and unequivocal antagonism."

Defendants are charged, in this case, with conspiracy and bank burglary as to two burglaries completed in 2011 and 2012.  (Mot. at 7.)  However, prior to the commencement of this prosecution, they had already been prosecuted, found guilty, and sentenced as to an attempted bank burglary in 2013.  (Id. at 3-4.)  In the sentencing proceeding in that case, Judge Fischer read and relied on, but departed upward from the recommendations of, the probation officer's presentence report ("PSR").  (Mot., Ex. I at 199.)  She also stated during the proceeding that she viewed Defendant as "a professional thief," undeterred by prior prison sentences, who was "virtually certain" to "commit burglaries whenever he is not in custody."  (Id. at 198-199.)

Defendant argues that this shows that Judge Fischer is biased in at least three different ways.  First, Defendant argues, her comments during the sentencing procedure show that she had definitely made up her mind about his character – specifically, his

2

propensity to commit burglaries – by the time of the sentencing. Second, Judge Fischer applied certain sentencing enhancements and upward adjustments that exceeded what the PSR's recommendations called for; this, too, Defendant argues, shows that she had a definite and fixed opinion about his character by the time of the sentencing.  Third, Judge Fischer has already seen the PSR from the first case, which Defendant argues makes it error for her to preside over this case under Fed. R. Crim. Proc. 32(e)(1) (PSR must not be disclosed to the court prior to plea or conviction). Defendant argues that it is particularly inappropriate for Judge Fischer to hear *this* case because at least one of the burglaries currently charged was also detailed in the PSR in the first case. See United States v. Andreis, No. 2:13-cr-00631-DSF, Dkt. No. 89 at 11-12 (Mar. 31, 2014) (presentence report discussing earlier burglary).

    Assuming to start with that Judge Fischer's statements at sentencing in the prior case do reveal an opinion about Defendant's character and propensity to commit burglaries, there is nothing in the record to indicate that that opinion comes from any extrajudicial source.  Indeed, Defendant's own argument – that Judge Fischer is biased because of information she gleaned from the PSR in the prior case – confirms the point: Judge Fischer's opinion of Defendant, even if negative, does not arise from an extrajudicial source, but from her experiences in the prior proceeding.[1]  Thus, disqualification would only be appropriate if

---

[1] The "extrajudicial source" rule applies with equal force to opinions formed in the current proceeding or prior proceedings. Liteky, 510 U.S. at 555.

3

Judge Fischer's opinion of Defendant constituted "deep-seated and unequivocal antagonism." F.J. Hanshaw, 244 F.3d at 1144.

The Court does not find such deep-seated and unequivocal antagonism here. In sentencing, a judge must assess, to the best of her ability, the defendant's degree of remorse and likelihood of recidivism. There is no way to do so without forming an opinion of the defendant. Judge Fischer's comments on the record show that she did form an opinion as to remorse and recidivism, but her comments reflect skepticism, not antagonism:

> Lengthy sentences have not dissuaded him from further criminal conduct, and this sentence is necessary to protect the public. There's no evidence that counseling has helped or will help, and the Court simply does not believe the defendant's protestations that he plans to change his ways. He's had plenty of opportunities to do that already . . . .
>
> [T]he demeanor defendant displays . . . is that of a person with no remorse who considers incarceration the cost of doing business and will do anything he can with the assistance of family members and friends to avoid paying restitution of the millions of dollars he's stolen.

(Mot., Ex. I at 202.)

To the extent that Defendant is arguing that Judge Fischer's actions and comments were based on a consideration of the merits of the current charges as discussed in the PSR in the prior case, the Court finds no evidence of that. Judge Fischer explicitly disavowed reliance on the then-uncharged conduct, (id. at 196-97), and the nature of Defendant's prior convictions was more than enough to support her findings that he was a "professional thief,"

4

without any consideration of the alleged uncharged conduct.  <u>United States v. Andreis</u>, No. 2:13-cr-00631-DSF, Dkt. No. 89 at 13-19 (Mar. 31, 2014) (presentence report enumerating at least nine theft- and burglary-related prior convictions).  The same is true of her finding that Defendant has a modus operandi of using special skills and tools beyond those used by ordinary criminals.  <u>Id.</u> at 16-19 (detailing prior convictions in which Defendant and associates cut through roofs, committed burglaries using torches, "melted" a safe, tunneled through walls, and disabled alarms).[2]  Judge Fischer's reliance on the information about prior convictions in the PSR was sufficient to motivate her decisions, without any reference to the then-uncharged conduct at issue in this case.

Nor does the fact that Judge Fischer deviated upward from the probation officer's recommendations show deep-seated bias.  Courts routinely deviate from such recommendations, both upward and downward, based on the judge's own view of the totality of the evidence as to remorse, likelihood of recidivism, extenuating circumstances, evidence of early childhood trauma, efforts at restitution or mitigation, and so on.  Mere disagreement with the probation officer is not bias.

That leaves the question of whether having read the PSR in the prior case disqualifies Judge Fischer from presiding over this case under Rule 32.  Reading subsection 32(e)(1) in context with the rest of the rule suggests that the bar to disclosure of the PSR

---

[2] Although Defendant argues that the application of a "modus operandi" logic to the skills enhancement was erroneous, (Mot. at 14), mere error is not an indication of deep-seated bias.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S. at 555.

5

prior to a plea or conviction applies only to the particular case for which the PSR was written: Rule 32(c)-(d) prescribe standards for the compilation of the PSR, which is necessarily case-specific. On the other hand, "the rule must not be taken lightly"; its purpose is to "prevent[] possible prejudice from premature submission of the presentence report." Gregg v. United States, 394 U.S. 489, 492 (1969).

Defendant cites to In re Gallaher for the proposition that "where the judge has been improperly exposed to the PSR," the case should be reassigned. (Mot. at 15 (citing 548 F.3d 713, 718 (9th Cir. 2008)).) But, as Defendant himself suggests, Gallaher dealt with the case where a judge has *improperly* read the PSR. In that case, the trial judge withheld acceptance of a guilty plea until he could read the PSR; the Ninth Circuit held that this was an improper attempt to "have it both ways" by leaving the guilty plea in suspense while reading information that was supposed to be available only after the plea was accepted. In re Gallaher, 548 F.3d 713, 718 (9th Cir. 2008).

However, where a judge acts properly, but nonetheless has access to the information in the PSR before presiding over questions of guilt, it is not a violation of Rule 32. E.g., United States v. Joseph, No. 06-00080SOM(02), 2008 WL 5423194, at *7-8 (D. Haw. Dec. 31, 2008) (holding Rule 32 not violated where judge read PSR after entry of guilty plea, but defendant subsequently withdrew plea), aff'd, 465 F. App'x 690 (9th Cir. 2012). Were the rule to be interpreted otherwise, the Joseph court noted, it would be a violation of Rule 32 every time a judge presided in a case on retrial after a successful appeal. Id. Yet "[i]t has long been

6

regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Liteky, 510 U.S. 540, 551 (1994). Indeed, any judge assigned the current prosecution would likely have knowledge of, for example, the prior convictions while presiding over the guilt phase. That information can arise in the context of bond, discovery or pretrial motions. Rule 32(e)(1) helps to reduce the influence of extraneous information on the judge, but it does not eliminate all contact with the defendant's history. "Disinterestedness does not mean child-like innocence." Liteky, 510 U.S. 540, 551 (1994).

Thus, the Court concludes that Rule 32 does not operate to bar successive trials of the same defendant by a judge who has read the PSR prepared in a previous trial. Absent a violation of Rule 32, the inquiry reduces to the §455(a) bias analysis discussed above.

Because the Court does not find that a reasonable person would perceive "deep-seated and unequivocal antagonism" toward Defendant on Judge Fischer's part, and because Rule 32 does not bar a judge from presiding over successive trials of the same defendant absent some impropriety, the motion is DENIED.

IT IS SO ORDERED.

Dated: August 7, 2015

DEAN D. PREGERSON
United States District Judge